# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Thomas Aquila, II, | Case No. 1:18cv1118 |
| Petitioner, | |
| -vs- | JUDGE PAMELA A. BARKER |
| | Magistrate Judge James R. Knepp, II |
| Warden LaShann Eppinger, | MEMORANDUM OPINION & ORDER |
| Respondent | |

This matter is before the Court upon the Report & Recommendation ("R&R") of Magistrate Judge James R. Knepp, II (Doc. No. 9), which recommends granting the Respondent's Motion to Dismiss Petitioner Thomas Aquila, II's Petition for Writ of Habeas Corpus (Doc. No. 7) and dismissing the Petition as time-barred. Petitioner has filed Objections to the R&R. (Doc. No. 11.)

For the following reasons, Petitioner's Objections are overruled. The R&R is ADOPTED, Respondent's Motion to Dismiss (Doc. No. 7) is GRANTED and the Petition is DISMISSED.

## I. Relevant Procedural History

### A. State Court Proceedings

In November 1997, Aquila pled guilty to murder in violation of Ohio Rev. Code § 2903.02 and was sentenced to life in prison without the possibility of parole for fifteen years. (Doc. No. 7-1, Exh. 2.) The Journal Entry of sentence was journalized on November 13, 1997. (*Id.*) Aquila did not appeal.

Over ten years later, on February 29, 2008, the state trial court issued a Journal Entry that provided as follows: "The Court advised the Defendant of a mandatory 5 years of post release control

at sentencing of 11/7/97. The Court however neglected to journalize this advisement of post release control. This Entry advises that post release control for 5 years may be imposed by Adult Parole Authority. The sentencing imposed on 11/7/97 remains unchanged." (Doc. No. 7-1, Exh. 3.)

On April 6, 2012, the state trial court issued a journal entry noting that Aquila was scheduled for a hearing before the parole board. (Doc. No. 7-1, Exh. 4.) The trial court stated that it "had imposed sentence after due consideration of all relevant factors and opposes any reduction or modification of sentence by the Ohio Parole Board from that which was imposed." (*Id*.)

Over three years later, on September 10, 2015, Aquila filed a *pro se* Motion to Withdraw Guilty Plea. (Doc. No. 7-1, Exh. 5.) Therein, Aquila argued that "the advisement of the penalties involved was incorrect, and that the underlying understanding of the penalties, both explicit and implied, has been actively breached by the government." (*Id*. at PageID# 40.) Specifically, Aquila argued that the trial court incorrectly imposed a term of post-release control that was inapplicable to his conviction. (*Id*. at PageID# 41.) Aquila also argued that the trial court's April 2012 Journal Entry "actively nullif[ied] the only conceivable benefit to Defendant within the Agreement" and effectively modified his sentence to life without parole. (*Id*. at PageID# 41-42.) Several months later, on November 4, 2015, Aquila, through counsel, filed a Motion to Correct Illegal Sentence in which he again argued that post-release control was erroneously imposed and requested a hearing. (Doc. No. 7-1, Exh. 7.)

On November 16, 2015, the state trial court held a hearing and granted Aquila's Motion to Correct Illegal Sentence. (Doc. No. 7-1, Exh. 8.) The court filed a *nunc pro tunc* entry "to reflect the removal of the advisement of post-release control." (*Id*.) On that same date, the trial court issued a Journal Entry denying Aquila's Motion to Withdraw Plea. (Doc. No. 7-1, Exh. 10.)

2

On December 14, 2015, Aquila, through counsel, filed a notice of appeal to the Ohio Court of Appeals for the Eighth Appellate District (hereinafter "state appellate court"). (Doc. No. 7-1, Exh. 11.) In his brief, he asserted the following sole assignment of error: "The trial court erred in denying Appellant's Motion to Withdraw Guilty Plea because Appellant has suffered a manifest injustice." (Doc. No. 7-1, Exh. 12.) On July 28, 2016, the state appellate court affirmed the judgment of the state trial court. (Doc. No. 7-1, Exh. 14.) Aquila filed a *pro se* Motion for Reconsideration, which was denied on August 16, 2016. (Doc. No. 7-1, Exhs. 15, 17.)

On September 30, 2016, Aquila, through counsel, filed a notice of appeal to the Supreme Court of Ohio. (Doc. No. 7-1, Exh. 18.) In his Memorandum in Support of Jurisdiction, Aquila raised the following proposition of law:

> A defendant's plea is invalid when he has been induced to enter a plea based on the potential for parole and the trial court issues a blanket opposition to parole, thus denying a meaningful opportunity for parole and effectively modifying the sentence originally imposed.

(Doc. No. 7-1, Exh. 19.) On April 19, 2017, the Ohio Supreme Court declined to accept jurisdiction pursuant to S.Ct. Prac. R. 7.08(B)(4). (Doc. No. 7-1, Exh. 21.)

**B.  Federal Habeas Petition**

On May 7, 2018,[1] Aquila filed a *pro se* Petition for Writ of Habeas Corpus in this Court and asserted the following grounds for relief:

I.  Petitioner was deprived of due process of law where the breach of a plea agreement rendered the plea unknowing, involuntary, and unintelligent.

---

[1] Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities. *See Houston v. Lack*, 487 U.S. 266 (1988). While the Petition herein did not arrive at the Court for filing until May 14, 2018, Aquila states that he placed it in the prison mailing system on May 7, 2018. (Doc. No. 1 at 10.) Thus, the Court will consider the Petition as filed on May 7, 2018.

3

>**Supporting facts:** Petitioner's Fifth Amendment Right to Due Process was violated where the trial court removed parole eligibility from his sentence, which was part of his plea agreement, fifteen years after entry of the plea, by issuing a Court Order directing the Parole Board not to consider parole.

(Doc. No. 1.)

On September 20, 2018, Respondent filed a Motion to Dismiss the Petition as time-barred. (Doc. No. 7.) Aquila filed a brief in opposition on October 9, 2018. (Doc. No. 8.)

On February 27, 2019, the Magistrate Judge issued a Report & Recommendation that the Motion be granted and the Petition be dismissed. (Doc. No. 9.) Aquila filed Objections on March 19, 2019. (Doc. No. 11.)

## II. Standard of Review

Parties must file any objections to a report & recommendation within fourteen days of service. Fed. R. Civ. P. 72(b)(2). Failure to object within this time waives a party's right to appeal the district court's judgment. *See Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981).

When a petitioner objects to the magistrate judge's Report and Recommendation, the district court reviews those objections *de novo*. Fed. R. Civ. P. 72(b)(3). A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id*. "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'"

*Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at * 7 (N.D. Ohio April 7, 2006) (citing *Walters*, 638 F.2d at 949–50).

The Court conducts a *de novo* review of the portions of the Magistrate Judge's Report to which Petitioner has properly objected.

**III.   Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year limitations period in a habeas action brought by a person in custody pursuant to the judgment of a State court.  Under 28 U.S.C. § 2244(d)(1), the limitation period runs from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In the R&R, the Magistrate Judge concluded that Aquila's Petition was time-barred for several different reasons.  First, the Magistrate Judge found that, under 28 U.S.C. § 2244(d)(1)(A), Aquila's conviction became final on December 8, 1997; i.e. the first business day after the expiration of the 30-day period for filing an appeal under Ohio App. R. 4(A).  (Doc. No. 9 at 6.)  The Magistrate Judge found that, absent tolling, the statute of limitations expired one year later, on December 9, 1998.  (*Id.*)  In this regard, the Magistrate Judge specifically rejected Aquila's argument that his November 2015

5

partial resentencing restarted the statute of limitations. (*Id*.) Citing *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016) and *Cortez v. Warden Chillicothe Corr. Inst*., 2018 WL 2382456 (6th Cir. Feb. 16, 2018), the Magistrate Judge found that Aquila's new sentence (imposed in November 2015) simply removed the incorrect advisement of post-release control and, therefore, was not a "worse-than before" sentence that would restart the limitations period. (*Id*. at 8.) Thus, the Magistrate Judge found that, absent a later start date, the Petition was time-barred under § 2244(B)(1)(A). (*Id*.) Aquila does not object to the Magistrate Judge's analysis or conclusion with regard to this particular issue.

The Magistrate Judge then proceeded to consider whether Aquila was entitled to a later start date of the limitations period under § 2244(d)(1)(D). Here, the Magistrate Judge found that the "factual predicate" of Aquila's sole habeas claim is the state trial court's April 6, 2012 Journal Entry, in which the court advised that it opposed any reduction or modification of sentence by the Ohio Parole Board. (*Id.* at 9.) Using this as a start date, the Magistrate Judge found the "[t]he AEDPA clock under § 2244(d)(1)(D) therefore started the next business day (April 9, 2012); it then ran uninterrupted, and expired one year later on April 9, 2013." (*Id.*) Thus, the Magistrate Judge concluded that "the Petition, filed over five years later (Doc. No. 1 at 10), is untimely even under § 2244(d)(1)(D)." (*Id*. at 10.)

Finally, the Magistrate Judge addressed and rejected Aquila's argument that the "factual predicate for his [habeas] claim occurred sometime in 2015." (*Id*. at 10.) In this regard, the Magistrate Judge first found that Aquila's argument was without merit because he "offers no specific date on which he discovered (or could have discovered) this supposed factual predicate, nor identifies any triggering event." (*Id*.) Thus, the Magistrate Judge concluded that "[b]ecause Petitioner has not

6

satisfied his burden of establishing entitlement to a 2015 start date (or what that date should be), the Petition should be dismissed." (*Id.*) Notably, Aquila does not object to this conclusion.

The Magistrate Judge then went on to find that, "even accepting *arguendo* . . . that a date sometime in 2015 is 'the date on which the factual predicate of the claim could have been discovered,'" the Petition was nonetheless untimely. (*Id.*) Under this alternative analysis, the Magistrate Judge found the statute of limitations began to run on April 20, 2017 (the day after the Ohio Supreme Court declined jurisdiction over Aquila's appeal of the denial of his motion to withdraw guilty plea) and ran uninterrupted until it expired on April 20, 2018. (*Id.*) Because the Petition was not filed until May 7, 2018, the Magistrate Judge concluded it was untimely. In addition, the Magistrate Judge considered and rejected Aquila's argument that he was entitled to both statutory and equitable tolling with respect to the 2015 start date. (*Id.*)

Aquila's Objections to the R&R only challenge the Magistrate Judge's conclusions regarding statutory and equitable tolling of the limitations period based on the alternative 2015 start date. (Doc. No. 11.) Specifically, Aquila objects to the Magistrate Judge's finding that Aquila was not entitled to an additional 90 days of tolling after the Ohio Supreme Court's April 19, 2017 decision declining jurisdiction over his appeal of the denial of his 2015 Motion to Withdraw Guilty Plea, to account for the filing deadline for a certiorari petition with the United States Supreme Court. (*Id.* at 1-2.) Aquila also specifically objects to the Magistrate Judge's finding that he was not entitled to equitable tolling based on representations by his counsel in 2018 that the deadline for filing his habeas petition was July 2018. (*Id.* at 2-3.) Finally, in his third objection, Aquila states generally that "based upon the above Objections and the unique facts and circumstances of this case, Petitioner hereby objects to the

7

ultimate conclusion of the Magistrate and submits that the Report and Recommendation should be rejected." (*Id*. at 3.)

For the following reasons, the Court finds Aquila's Objections are without merit and should be denied. As detailed above, Aquila does not object to the Magistrate Judge's conclusion that he failed to satisfy his burden of demonstrating that he discovered the factual predicate of his claim in 2015. Nor does Aquila object to the Magistrate Judge's finding that he, in fact, discovered the factual predicate of his sole habeas claim three years earlier, in April 2012, and that the statute of limitations expired on April 9, 2013.

In the absence of objections regarding these particular issues, the Court reviews the Magistrate Judge's conclusions relating thereto for clear error. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.") *See also* Advisory Committee Notes to Fed. R. Civ. P. 72 (providing that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). For the reasons set forth below, the Court finds no clear error in the Magistrate Judge's conclusion that the statute of limitations expired on April 9, 2013 and the Petition is therefore time-barred. Moreover, even if the Court were to conduct a *de novo* review of these issues, it would reach the same conclusion.

As an initial matter, the Court agrees with the Magistrate Judge that the factual predicate of Aquila's habeas claim is the state trial court's April 6, 2012 Journal Entry and, further, that the statute of limitations began to run the next day, on April 7, 2012. Pursuant to 28 U.S.C. § 2244(d)(1)(D), the statute of limitations may commence later than the date when a petitioner's conviction became

final if "the factual predicate of the claim or claims presented" was not discovered by a petitioner, acting with due diligence, until a later date. Federal courts in this Circuit have found that the time commences under § 2244(d)(1)(D) when the factual predicate for a habeas petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given petitioner. *Redmond v. Jackson,* 295 F. Supp 2d 767, 771 (E. D. Mich. 2003). *See also Chinn v. Bergh*, 2014 WL 3894376 at * 4 (E.D. Mich Aug. 8, 2014). Moreover, the time under the AEDPA's limitations period begins to run pursuant to § 2244(d)(1)(D) when a habeas petitioner knows, or through due diligence, could have discovered, the important facts for his or her claims, not when the petitioner recognizes the facts' legal significance. *See Redmond*, 295 F.Supp.2d at 771; *Chinn*, 2014 WL 3894376 at *4. Indeed, courts within this Circuit have held that "§2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Redmond*, 295 F.Supp.2d at 771.

A habeas petitioner has the burden of proof in persuading a federal court that he exercised due diligence in searching for the factual predicate of his habeas claims. *See DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006); *Stokes v. Leonard*, 36 Fed. Appx. 801, 804 (6th Cir.2002); *Lott v. Coyle*, 261 F.3d 594, 605-606 (6th Cir. 2001). The question of due diligence is fact specific and depends on various considerations. *See DiCenzi*, 452 F.3d at 471; *Steward v. Moore*, 555 F.Supp.2d 858, 867 (N.D. Ohio 2008).

Here, Aquila's sole habeas claim is that he was deprived of due process "where the trial court removed parole eligibility from this sentence, which was part of his plea agreement, fifteen years after entry of the plea by issuing a Court Order directing the Parole Board not to consider parole." (Doc. No. 1 at 5.) It is undisputed that the "Court Order directing the Parole Board not to consider

9

parole" is the state trial court's Journal Entry dated April 6, 2012. (Doc. No. 7-1, Exh. 4.) Aquila does not argue (either in his Petition, Brief in Opposition to the Motion to Dismiss, or in his Objections) that he did not receive notice of the trial court's April 2012 Entry until a later date. Nor does Aquila make any reasoned argument in support of his vague assertion that "the resultant Constitutional violation [stemming from the April 2012 Journal Entry] occurred in 2015." (Doc. No. 1 at 9.) To the contrary, as the Magistrate Judge correctly noted, Aquila does not identify either the specific event that he believes triggered the statute of limitations or the specific date of that event. Further, Aquila fails to offer any argument that he exercised due diligence in discovering the alleged 2015 factual predicate of his habeas claim.

In light of the above, the Court finds that the factual predicate of Aquila's habeas claim is the state trial court's April 6, 2012 Journal Entry. The Court further finds that the statute of limitations began to run on the next business day, i.e., April 9, 2012, and ran uninterrupted until it expired one year later on April 9, 2013.[2] As such, the Court need not reach Aquila's Objections to the Magistrate Judge's conclusions regarding statutory and equitable tolling. As discussed above, these Objections relate solely to the Magistrate Judge's alternative analysis of the statute of limitations assuming a 2015 start date. Because the Court finds the statute of limitations began to run on April 9, 2012 expired on April 9, 2013, Aquila's objections would not change the Court's conclusion that the Petition is time-barred.[3]

---

[2] Aquila does not identify any filings between April 9, 2012 and April 9, 2013 that he claims would have tolled the statute of limitations.

[3] As noted above, Aquila does not object to the Magistrate Judge's conclusion that the 2015 resentencing hearing did not restart the statute of limitations because it was not a new, "worse-than-before" sentence under *Crangle, supra*. Upon review, the Court agrees with the Magistrate Judge's conclusions as to this issue.

Accordingly, and for all the reasons set forth above, Aquila's Objections are overruled. Respondent's Motion to Dismiss (Doc. No. 7) is granted and the Petition is dismissed as time-barred.

## IV. Conclusion

For the foregoing reasons, Petitioner's Objections are overruled. Accordingly, Magistrate Judge Knepp's R&R (Doc. No. 9) is ADOPTED, Respondent's Motion to Dismiss (Doc. No. 7) is GRANTED, and the Petition is DISMISSED. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Date: August 21, 2019

 *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE